Relator is the defendant in State v. Washington, Cuyahoga County Court of Common Pleas Case No. CR-303213. This action arises out of his attempt to seek postconviction relief in that proceeding.
In State ex rel. Washington v. McDonnell (Dec. 24, 1997), Cuyahoga App. No. 73173, unreported, relator requested that this court compel respondent "to reverse her nunc pro tunc
order denying his postconviction petition" in Case No. CR-303213. Id. at 2. In Case No. 73173, we summarized the facts which gave rise to relator's claim for relief:
 On May 14, 199[6], Judge Gail Kane issued an order granting the postconviction petition. However, she did not issue findings of fact and conclusions of law. Later that summer she issued a nunc pro tunc
order denying the postconviction petition, but again she did not file findings of fact and conclusions of law. By July 1997, the respondent, Judge McDonnell, had assumed the case. On July 29, 1997, she issued findings of fact and conclusions of law denying Mr. Washington's petition.
Id. at 3. In this action, relator requests "a fair and full review regarding the validity of the nunc pro tunc denying Relator's Petition to Vacate of [sic] Set Aside his Sentence." Complaint, at 2 (capitalization and lack of italics in original).
In Case No. 73173, relator argued that, after issuing the May 14, 1996 journal entry granting his petition for postconviction relief, the court of common pleas did not have jurisdiction to "reverse" itself by later issuing the nunc pro tunc entry. We rejected that argument and held that "the trial court was within its proper authority in issuing the nunc pro tunc order, denying the petition and subsequently issuing the findings of fact and conclusions of law also denying the petition." Case No. 73173, at 4. Accordingly, we granted respondent's motion for summary judgment in Case No. 73173 and denied relief in mandamus.
Likewise, we grant the motion for summary judgment filed on behalf of respondent in this action. In Case No. 73173, the same relator brought an action in mandamus against the same respondent challenging the propriety of the postconviction relief proceedings. That is, this action is essentially duplicative of Case No. 73173. In this action, relator requests "a fair and full review regarding the validity of the nunc pro tunc denying" relator's request for postconviction relief. Yet, in Case No. 73173, we held that the court of common pleas acted within its authority when it issued the nunc pro tunc entry. As a consequence, the doctrine of res judicata bars further consideration of this action. See, e.g., State ex rel. Sharifv. McDonnell (Aug. 14, 1997), Cuyahoga App. No. 72738, unreported.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim."
Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs.
Writ denied.
ANN DYKE, J., CONCURS.
 _______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE